# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ANTHONY LIDDELL, JR.,<br><br>                      Plaintiff,<br>v.<br><br>CHRIS GARCIA, BRIAN GENIKE, and ANTHONY LACOMBE,<br><br>                      Defendants. | Case No. 16-CV-472-JPS<br><br>**ORDER** |

**1.      INTRODUCTION**

Plaintiff Anthony Liddell, Jr. ("Liddell"), formerly an inmate incarcerated at the Racine County Jail ("RCJ"), brought this action against Officer Chris Garcia ("Garcia"), Officer Brian Genike ("Genike"), and Sergeant Anthony LaCombe ("LaCombe"), alleging that the defendants imposed conditions during his confinement at RCJ that violated his civil rights.[1] Specifically, Liddell alleges that he was housed in a cell with cracked masonry bricks and, as a result, the temperature in his cell dipped to 20 or 30 degrees and he suffered numbness and pain from the cold. Liddell claims he advised the defendants of these conditions, and that Genike conceded the jail's cells were in disrepair, but that nothing was done to abate the issue.

---

[1] Liddell also named as defendants the State of Wisconsin, the Maintenance Department and the Nurse Department, but those parties were dismissed upon the Court's screening of Liddell's complaint. (Docket #12).

On May 1, 2017, the defendants filed a motion for summary judgment. (Docket #39). Liddell was required to respond to the defendants' motion within twenty-one days, and he did not. *See* (Docket #34).[2] The motion will be addressed in its unopposed form and, for the reasons explained below, it will be granted and this action will be dismissed without prejudice.

2. **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 56 provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit"

---

[2]Liddell did file three motions of his own after the defendants moved for summary judgment, but none of Liddell's filings actually respond to the defendants' motion or proposed findings of fact.

First, on May 12, 2017, Liddell moved for reconsideration of the Court's decision not to appoint him counsel. (Docket #44). Though Liddell attests that he has tried, unsuccessfully, to obtain counsel on his own, that is not enough to entitle him to Court-appointed counsel. Liddell must also show that the difficulty of the case, factually and legally, exceeds his capacity to coherently present it. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013). This case dos not raise complex claims, and Liddell has proffered no reason that he is incapable of litigating this case on his own. As such, the Court concludes recruitment of counsel is not justified, and Liddell's motion will be denied.

Next, Liddell filed a motion to amend his complaint on June 1, 2017. (Docket #47). It appears Liddell wants to add two other inmates to the action, though he does not specify whether they would be plaintiffs or defendants. *Id.* Regardless, Liddell's motion to amend must be denied, as it was filed far outside the October 25, 2017, deadline for amendment imposed by the Court's Trial Scheduling Order and does not offer good cause for the delay. (Docket #13); *see also* Fed. R. Civ. P. 15.

Finally, Liddell filed a motion on June 12, 2017, to "petition the Courts to Appeal." (Docket #50). Liddell does not indicate which order he seeks to appeal, and, regardless, there is no order in this case which is currently appealable. His motion will therefore be denied.

under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016). The court must not weigh the evidence presented or determine credibility of witnesses; the Seventh Circuit instructs that "we leave those tasks to factfinders." *Berry v. Chicago Transit Auth.*, 618 F.3d 688, 691 (7th Cir. 2010). The party opposing summary judgment "need not match the movant witness for witness, nor persuade the court that [his] case is convincing, [he] need only come forward with appropriate evidence demonstrating that there is a pending dispute of material fact." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 921 (7th Cir. 1994).

3. **RELEVANT FACTS**

Because Liddell failed to respond to the defendants' statement of facts, the Court will consider them undisputed. Fed. R. Civ. P. 56(e). The relevant facts are as follows. At all times relevant to this lawsuit, Liddell was an inmate at RCJ. (Docket #40 ¶ 1). The defendants were, presumably, employees of RCJ—Garcia and Genike correctional officers and LaCombe a sergeant—though the defendants' filings in support of their motion do not expressly indicate as much.

The RCJ Inmate Handbook ("Handbook") prescribes the procedure an inmate must follow to bring complaints to the jail's attention. *Id.* ¶ 2. The Handbook provides that when an inmate has a basis for a complaint, and informal resolution is not possible, the inmate is to submit an Inmate Request form detailing his complaint to jail supervisory staff. *Id.* A response or resolution is provided for each legitimate complaint. *Id.* ¶ 5. An inmate

may appeal a grievance response by submitting a written appeal to the Jail Administrator within fifteen days using the same Inmate Request form. *Id.* ¶ 6.

Liddell filed numerous inmate requests and complaints during his incarceration at RCJ from October 2015 to May 2016. *Id.* ¶ 8. Many relate to his medical needs, and others relate to requests for supplies or for copies of his trust account statement. *See* (Docket #42-9). For example, on April 4, 2016, Liddell filed an inmate complaint referencing various medical needs, including numbness in his fingers due to nerve damage from arthritis. (Docket #40 ¶ 12). On April 8, 2016, Liddell filed an inmate complaint again referencing his arthritis and indicating that the "rain/snow/20-30 degree" temperatures of that season were not good for his "old…bones." *Id.* ¶ 13; (Docket #42-9 at 38). In neither of these grievances—or any of Liddell's grievances—did Liddell mention deficiencies in the condition of his cell. (Docket #40 ¶ 11-13). Although Liddell claims he directed relevant inmate grievances regarding his cell conditions to the "maintenance department," the defendants deny the same and Liddell did not produce those grievances in discovery. *Id.* ¶ 14-15. He also lost his best opportunity to bring those to the Court's attention—filing a response to the defendants' motion. Liddell did not appeal any of the grievances he submitted at RCJ. *Id.* ¶ 16.

4.  **ANALYSIS**

The defendants move for summary judgment on two grounds. First, they argue that Liddell failed to exhaust his administrative remedies before filing suit. (Docket #41 at 5-7). Second, they argue that Liddell is not entitled to relief on his claim related to the conditions of his confinement because he did not suffer a sufficiently serious injury and, further, the defendants did not know of and disregard an injury-causing risk. *Id.* at 7-9. The Court must

address the question of exhaustion first, because "[a] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits[.]" *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999).

### 4.1 Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ("PLRA") establishes that, prior to filing a lawsuit complaining about prison conditions, a prisoner must exhaust "such administrative remedies as are available[.]" 42 U.S.C. § 1997e(a). To do so, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require," and he must do so precisely in accordance with those rules; substantial compliance does not satisfy the PLRA. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *Smith v. Zachary*, 255 F.3d 446, 452 (7th Cir. 2001). Failure to exhaust administrative remedies is an affirmative defense to be proven by the defendants. *Westefer v. Snyder*, 422 F.3d 570, 577 (7th Cir. 2005).

As described above, the RCJ Handbook sets out the procedure inmates must follow to lodge complaints about jail conditions at that facility. The procedure, in total, is as follows:

> Grievances/Complaints: During your confinement you may feel you have a basis for a grievance or complaint. When this is the case, whenever possible, you are encouraged to resolve the complaint informally with a Correctional Staff member. When an informal resolution is not possible, a written grievance/complaint can be submitted to jail supervisory staff then reviewed by the jail captain. Use the Inmate Request form for all grievance/complaint issues. The legitimacy of each complaint will be determined and a response/resolution will be provided. Keep in mind that the grievance/complaint procedure is a means for the inmate to seek a resolution for legitimate factual concerns. Grievance appeals must be done

> in writing within 15 days to the jail captain using the inmate request form.

(Docket #42-8 at 9).

Liddell failed to follow this process for his allegation that cracks in the masonry bricks of his cell allowed in frigid air that caused him numbness and pain. Though he filed many grievances using the Inmate Request form described in the Handbook's "Grievances/Complaints" section, none referenced the alleged cracks in the cell wall that let in cold air. (Docket #40 ¶¶ 7, 11). Admittedly, Liddell's April 8, 2016, complaint does reference cold temperatures, but does not mention any deficiency in the condition of his cell that would cause unusually cold temperatures. *Id.* ¶ 13; (Docket #42-9 at 38). In other words, if Liddell intended his April 8 complaint to put RCJ on notice that the condition of his cell was causing him injury, he did not succeed in doing so. This is the very purpose of the PLRA's exhaustion requirement. *See Smith v. Zachary*, 255 F.3d 446, 450 (7th Cir. 2001) ("The exhaustion requirement provides the prison system with prompt notice of problems. This, of course, is preferable to a system where the prison might get its first notice of a claim in a lawsuit…. Requiring prompt notice and exhaustion also gives prison officials an opportunity to address a situation internally[.]"). And, even if Liddell had properly complained of cell conditions in his April 8 grievance, or any other grievance, he did not appeal the same as is required by RCJ's grievance policy. (Docket #40 ¶ 16).

Liddell failed to complete each step in the administrative grievance process for his claim against the defendants. The PLRA requires complete or "proper" exhaustion in the manner established by prison rules, *Woodford v. Ngo*, 548 U.S. 81, 93 (2006), and Liddell has not done so. His claim must

be dismissed without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust administrative remedies under Section 1997e(a) is always without prejudice).

**5. CONCLUSION**

Liddell failed to oppose the defendants' motion for summary judgment. For this reason alone, the Court could grant the motion and dismiss Liddell's case. *See* Civil L. R. 41(c). Moreover, on the undisputed facts before the Court, the defendants have proven that Liddell did not exhaust his administrative remedies before filing suit. This action will, therefore, be dismissed without prejudice.

Accordingly,

**IT IS ORDERED** that the defendants' motion for summary judgment (Docket #39) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that plaintiff's motions for reconsideration of motion to appoint counsel (Docket #44), to amend his complaint (Docket #47), and to petition the Court to appeal (Docket #50) be and the same are hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 27th day of June, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge